Argued March 5, affirmed October 4, 1973·

HESSE ET UX, *Respondents, v.* CENTURY HOME
COMPONENTS, INC., AKA SETAL, INC., *Appellant,*
WOOD COMPONENTS CO., *Defendant.*

514 P2d 871

*Darst B. Atherly,* Eugene, argued the cause for appellant. With him on the briefs were Thwing, Atherly & Butler, Eugene.

Holman, J., did not participate in this decision.

*Arthur C. Johnson,* Eugene, argued the cause for respondents. With him on the brief were John E. Frohnmayer and Johnson, Johnson & Harrang, Eugene.

DENECKE, J.

Plaintiffs brought this action to recover damages for property destroyed by fire. Plaintiffs contend the fire started on defendant Century Home's premises because of defendant's negligence and spread to their adjacent property. The jury found for plaintiffs and the defendant Century Home appeals.

This is the same fire that was involved in *Pacific Northwest Bell v. Century Home Components, Inc.,* 261 Or 333, 494 P2d 884 (1972). The principal contention by the plaintiffs in this case is that the defendant is liable for the fire because it negligently maintained its premises in a condition that contributed to the start of the fire. Plaintiffs alleged that defendant negligently caused the fire to start; however, they do not press this charge.

The defendant constructed prefabricated house components in a large shed which was only partially enclosed. A timber dock extended between the shed and the warehouse in which plaintiffs' property was stored. The defendant operated a saw in the shed and sawdust and wood trimmings from the saw went into an open wooden box called a "skip box." This box was next to the timber dock. The night before the fire defendant's janitor put sawdust containing some linseed oil into the skip box.

There was evidence that the fire originated in the box. For the purposes of this case the fire can be

classified as of unknown origin. The fire may have been started by arson, by an accidental act of a third person or one of defendant's employees or by spontaneous combustion. There was evidence that the fire in the box ignited the dock and then spread to the warehouse.

An instruction given by the trial court and the trial court's refusal to remove a charge of negligence raise the principal issue in the case. The trial court instructed:

"* * * Every person has the duty to maintain his premises in a reasonably safe condition to avoid the likelihood of spread of fire therefrom. If you find that the defendant placed or stored inflammable waste in an inflammable trash box under such circumstances and conditions that the defendant knew, or in the exercise of reasonable care should have known that any fire in the trash box would be likely to spread to the building and adjacent structures, then you should find the defendant negligent in that respect."

Immediately thereafter the trial court instructed:

"The words 'inflammable' and 'combustible' are used interchangeably in the pleadings. Under these instructions the two words mean the same thing, namely, capable of being easily set on fire."

The defendant requested the court to withdraw from the jury the following specification of negligence:

"(1) In placing or storing inflammable wastes in an inflammable trash box under such circumstances and conditions that Defendants knew or in the exercise of reasonable care should have known, that any fire in the trash box would be likely to spread to the building and adjacent structures.

The most troublesome objection defendant raises is that the instruction and charge make the defendant

liable for the spread of the fire regardless of whether the defendant reasonably should have anticipated that a fire would start in the trash box.

■ We agree with the defendant that absent statute, one is not liable for the spread of a fire of unknown origin started on his property unless as a result of conditions created on his property he should have anticipated that a fire was likely to start. *Aune v. Oregon Trunk Railway,* 151 Or 622, 624, 51 P2d 663 (1935), so held. There, a fire was started in empty box cars by a third party. On the other hand, in *Arneil v. Schnitzer,* 173 Or 179, 144 P2d 707 (1944), we determined that the jury could have found that the defendant knew or should have known that a fire could be anticipated on its premises and, therefore, the defendant had a duty to take precautions against the start and spread of a fire. If the jury found this to be a fact, the defendant could be held liable for the damage caused by the fire.

■ The instructions were not completely clear on this issue; however, taken as a whole, we think they adequately instructed on the law as laid down in *Aune* and *Arneil.*

■ By using "inflammable" the trial court in effect instructed that the jury was to determine whether materials stored on the premises were of the kind which were likely to catch fire. The trial court further instructed that it was not enough that the materials were combustible; the jury must also find that the materials were stored negligently. The trial court instructed:

> "Now, the defendant in this case is not liable for having inflammable or combustible material on its premises unless the materials were stored or

maintained in such a manner as to constitute negligence * * *.

"The defendant is not responsible for injuries resulting from an accidental fire or a fire occasioned by others unless the defendant failed to exercise ordinary or reasonable care under the circumstances."

Defendant also assigns as error the trial court's instruction:

"If you find that the defendant failed to empty the trash box of inflammable waste before leaving the premises unattended for the night, and that a reasonable and prudent person in the same or similar circumstances would not have failed to do so, then you should find that the defendant was negligent in that particular."

■ Defendant excepted upon the ground that the instruction was deficient in not stating that failure to guard against intruders would not be negligent unless the defendant should have foreseen that the intruders were likely to start a fire in the box. The trial court could have instructed specifically to this effect; instead, it chose to cover the same ground by more general language by inserting the phrase, "and that a reasonable and prudent person * * * would not have failed to do so." Ordinarily, the trial court does not err when it chooses to instruct in general terms rather than in terms of the special facts in the case. See, for example, *Miller v. Thoma,* 247 Or 331, 429 P2d 575 (1967).

The defendant contends the trial court erred in failing to withdraw charges that the defendant was negligent in failing to have a night watchman, in failing to have proper extinguishers and hoses, and in failing to have an automatic fire alarm system. The trial court instructed that if the defendant failed to

have these safety features and if it found a reasonably prudent person would have, then defendant was negligent in this regard.

■■ Defendant argues that a duty to provide these safety factors only arises "when a defendant uses fire in connection with its business." The principal case cited by defendant to support this argument states the rule more broadly than defendant. *Centraal Stikstof Verkoopkantoor v. Pensacola Port A,* 205 F Supp 724, 316 F2d 189 (5th Cir 1963). A defendant might be found negligent for failing to have certain safety devices if the probability of a fire starting on the premises is foreseeably substantially greater than on ordinary premises. As we have previously held earlier in this opinion, the jury could have found that the chances of a fire occurring in this trash box were substantially greater.

Defendant lastly assigns the exclusion of certain evidence as error.

Defendant sought to introduce evidence that a week before the fire three boys surreptitiously entered a neighborhood manufacturing plant and committed minor acts of vandalism, including lighting some flares. Defendant was trying to prove that the boys intentionally started the fire in defendant's skip box the next weekend.

■ We do not need to answer whether the exclusion of this evidence on the grounds of irrelevancy was error because we readily conclude that its exclusion could not be reversible error. More relevant evidence that the boys could have started the fire was admitted. They admitted smoking in another trash box near defendant's building. Other evidence was admitted to

the effect that the boys were responsible for a fire in the other trash box the same night as the fire in this case. They admitted they were in defendant's building the night of the fire which destroyed plaintiffs' property. They also admitted that they slept that night on the lawn of one of the boy's home, about two blocks from defendant's plant.

Affirmed.

McAllister, J., concurs in the result.