717 P.2d 1033

JEROME THRIFTWAY DRUG, INC., dba
   Hamilton Drug Center, Inc., an Idaho
   corporation, and L & M Securities, a
   partnership, Plaintiffs-Appellants,

v.

Everett WINSLOW and Erma Winslow,
   husband and wife, dba Wendell Depart-
   ment Store; Donald MacQuivey; James
   Trounson; Barbara James; Mary
   Trounson; Carolyn Trounson; Bonnie
   Trounson; Betty Trounson; Gordon
   Trounson, individually and as joint
   venturers or partners, Defendants-Re-
   spondents.

No. 15549.

Supreme Court of Idaho.

April 2, 1986.

Jeff Stoker, Twin Falls, Idaho, for plaintiffs-appellants.

J. Walter Sinclair, Twin Falls, for defendnats-respondents Everett and Erma Winslow.

John A. Doerr and Kevin F. Trainor (argued), Twin Falls, for defendants-respondents MacQuivey & Trounson.

SHEPARD, Justice.

This is an appeal from judgments entered in favor of owners of property and their tenants in an action brought by adjacent property owner to recover for damages sustained when a fire in defendants' building spread to plaintiffs' adjoining property. We affirm.

A building complex in Wendell, Idaho, housed a drug store, a department store, and three doctors' offices. Plaintiffs-appellants (hereinafter Hamilton Drug), owned and operated the Hamilton Drug Store which occupied the southern portion of the complex. the Wendell Department Store was adjacent to the drug store, and the two buildings shared a common wall. The department store had been built by and had been in the MacQuivey-Trounson family for many years. The defendants Winslows had been tenants in the department store building since 1978. The northern side of the complex contained three separate doctors' offices. The entire complex was bordered by two streets and two alleys.

The entire complex was gutted and destroyed by a fire discovered at about midnight, December 11, 1981. Firefighters arrived at the scene within two and one-half minutes, and as they arrived the front windows of the department store blew out in what is known as a "flashover."

Wendell Fire Chief Hosack investigated the occurrence, opined that the fire had been burning two to three hours before discovery, and, based on the age of the building, believed it was electrically caused. State Fire Investigator Capaul opined that the fire started on the south wall of an office in the rear of the department store in a four-unit electrical outlet.

Hamilton filed this action alleging that the fire originated in the department store as a result of faulty and poorly maintained wiring and electrical equipment, and that each of the defendants-respondents knew or should have known of the inadequate electrical conditions. It was alleged that defendants-respondents were negligent in failing to have or maintain adequate fire safeguards and equipment in the building, and were negligent per se, being in violation of fire safety and building codes. An amended complaint contained an additional allegation of arson. Defendants-respondents' answer alleged comparative negligence on the part of Hamilton and counterclaimed that Hamilton negligently caused the fire.

After a portion of the discovery was completed the owners-landlords of the department store moved for summary judgment, asserting that if there was any liability it would be solely of the tenants of the department store. That motion for summary judgment was granted, and the court also granted summary judgment for the tenants of the department store on the arson allegations. Hamilton's request for prejudgment interest was also denied. Partial summary judgment was granted to Hamilton on defendants' counterclaim that plaintiffs had negligently caused the fire. However, the court refused summary judgment on the allegations that Hamilton was chargeable with comparative negligence.

Trial ensued as to the remaining issues as between the Winslows (tenants) and Hamilton, and the jury returned a unanimous verdict in favor of Winslows. Hamilton Drug appeals asserting the error in the granting of summary judgment to the landlords, certain pretrial orders, evidentiary rulings and jury instructions, and other errors in the conduct of the trial.

We address first the summary judgment granted the landlords. It is clear that summary judgment can be granted only when the pleadings, depositions and affidavits indicate that there is no genuine issue as to any material fact, and that the moving

party is entitled to judgment as a matter of law. I.R.C.P. 56(c). At the time of summary judgment the court had before it uncontroverted evidence indicating that the lease agreement made no provision for the landlords to repair the leasehold and that no repairs of the leasehold were ever undertaken by the landlords. The manager for the owners had been in the department store premises numerous times, had observed no defects which would have caused the fire, and specifically noted no defects in the electrical system. No defects were ever brought to his attention. Affidavits of the other owners were similar in effect. The tenants Winslows testified that they were not aware of any electrical problems or defects in the buildings. No definite cause of the fire was established in any of the depositions or affidavits. The testimony of the Wendell fire chief indicated that while he did not have an opinion as to the source of the fire or its origin, that he did feel that it was electrically caused on the basis of "the building as a whole." The state fire investigator opined that the fire had started on the south wall of the department store in a four-unit outlet. That outlet was installed at the request of the tenants by electrician Taylor who described the wiring in the building as being archaic.

This Court has not addressed the question of whether or when a lessor is liable to an adjacent landowner for damages caused by a condition or activity on leased property. *Prosser and Keeton on the Law of Torts* § 63 (1984), and Restatement (Second) of Torts § 356(a), state the general rule that when property is leased to a tenant the lease is regarded as equivalent to a sale of the premises for the term and hence there is a general rule of non-liability on the lessor. Exceptions have evolved, and it is urged by appellants that Restatement (Second) of Torts § 373 should have been applied by the district court in the instant case. In pertinent part that portion of the Restatement states:

§ 373. Dangerous Conditions Created Before Vendor Transfers Possession

(1) A vendor of land who has created or negligently permitted to remain on the land a structure or other artificial condition which involves an unreasonable risk of harm to others outside of the land, because of its plan, construction, location, disrepair, or otherwise, is subject to liability to such persons for physical harm caused by the condition after his vendee has taken possession of the land.

It is argued by Hamilton that the condition of the electrical wiring in the building, coupled with the alleged inadequate fire protection safeguards, raised a question of fact as to whether the condition of the building created an unreasonable risk of harm to Hamilton, and hence summary judgment was improperly rendered.

Respondents, on the other hand, assert that §§ 377–379A are applicable to the instant circumstances. Section 377 states:

§ 377. Dangerous Conditions Arising After Lessor Transfers Possession: General Rule

Except where he contracts to repair, a lessor of land is not liable to others outside of the land for physical harm caused by any dangerous condition on the land which comes into existence after his lease has taken possession.

Comment (c) to § 377 indicates that this rule "applies to any condition which comes into existence after the lessor has given possession to his lessee, irrespective of whether it is caused by dilapidation through lapse of time, by a force of nature, or by the act of the lessee or a third person."

In *Boise Car v. WACO*, 108 Idaho 780, 702 P.2d 818 (1985), this Court held that § 373 of the Restatement (Second) of Torts imposed a more far-reaching liability upon vendors of real property than the Court had formerly been willing to adopt, and refused to adopt it in that case. We also find it unnecessary to adopt the Restatement provisions urged by the respondents, since in any case Hamilton Drug has not made a sufficient factual showing in support of any theory of recovery. Here there was no evidence that the landlords knew or should have known of a defective condition,

and in fact defendants-respondents-owners expressly denied any knowledge of any defective condition. Further, there was simply no evidence of the existence of a defective condition. Although the electric wiring in the building was described as "archaic," such does not necessarily make it defective.

While motions for summary judgment should be granted with caution, *Bailey v. Ness*, 109 Idaho 495, 708 P.2d 900 (1985), the adverse party must set forth specific facts showing that there is a genuine issue for trial. I.R.C.P. 56(e). Unsupported general or conclusory allegations are not sufficient in the face of a motion for summary judgment, and here there was simply no evidence presented upon which the issue of the *landlords'* liability could have been submitted to the jury.

■ We hold that summary judgment on the issue of negligence per se was also properly granted to the landlords. Violation of an applicable statutory prohibition or ordinance constitutes negligence per se, but the violation of the applicable statute or ordinance must be the proximate cause of the injury of which the plaintiff complains. *Stephens v. Stearns*, 106 Idaho 249, 678 P.2d 41 (1984); *Leliefeld v. Johnson*, 104 Idaho 357, 659 P.2d 111 (1983). Here the evidence failed to reveal the actual cause of the fire, but even assuming that the fire was caused by electrical wiring, the wiring must have been in violation of a statute or ordinance. The record indicates that older buildings such as the department store were exempt from compliance with the fire code and that the fire inspector could only *recommend* that owners make changes in their buildings. The testimony of Fire Chief Hosack does not indicate that the department store was in violation of any code provisions. Hence, there was no showing by Hamilton of any violation of a particular statute, ordinance, or regulation. We affirm the summary judgment granted to the landlords.

■ Hamilton Drug asserts that the court erred in ruling prior to trial that the doctrine of *res ipsa loquitur* was not appli-

cable and that the court erred in failing to instruct the jury on that doctrine. We disagree and hold that the necessary conditions for application for the principle of *res ipsa loquitur* were not present in the instant case.

*Res ipsa loquitur*, if applicable, creates an inference of the breach of an imposed duty and replaces direct evidence with a permissive inference of negligence. The principle only applies when the agency or instrumentality causing the injury is under the exclusive control and management of the defendant, and the circumstances of the case are such that common knowledge and experience would justify the inference that the accident would not have happened in the absence of negligence. *Christensen v. Potratz*, 100 Idaho 352, 597 P.2d 595 (1979); *Brizendine v. Nampa Meridian Irrigation District*, 97 Idaho 580, 548 P.2d 80 (1976).

■ The cause of fire cannot be established by application of the doctrine of *res ipsa loquitur*, but if there is substantial evidence that an instrumentality in the exclusive control of the defendant did cause the fire the doctrine of *res ipsa loquitur* is available to raise the presumption of negligence. *Real Estate Manag. Corp. v. Imperial Plumb. & Heat. Co.*, 512 P.2d 1169 (Colo.App.1973). Hamilton's premise was clearly that the fire was electrically caused and that it started in the department store. However, Fire Chief Hosack and defense witness Beland testified that the fire damage was so extensive that the point of origin could have been burned up and lost. Beland testified that he saw no evidence of a point of origin of the fire and that "obviously if you don't find the point of origin, how do you find the cause." Hence, we hold that the "instrumentality causing the injury" was not established and in fact no instrumentality could be identified as having caused the fire.

However, even assuming that the electrical system did cause the fire, exclusive control of that system was not established. A common wall existed between the depart-

ment store and the doctors' offices, and the drug store and department store also shared a common wall. Electrical wiring ran above the common wall from the electrical meters outside the building complex.

Hence, we hold that there is no justification for the conclusion that negligence is the most likely explanation for this fire because there was no showing of the instrumentality that caused the damage, much less any showing of exclusive control. Our common knowledge and experience, or that of a jury, would not justify the inference that the accident would not have happened in the absence of negligence in that there are many possible causes for a building fire in the absence of negligence.

Hamilton Drug also asserts that the trial court erred in its pretrial order prohibiting the introduction of any testimony or exhibits pertaining to fire codes or ordinances to establish negligence per se or as a standard of care. As in the summary judgment granted the landlords, negligence per se does not apply in the case against the tenants Winslows. The city of Wendell has adopted the various safety and fire prevention codes contained in the Idaho statutes, I.C. § 39–3501 et seq. (amended and renumbered as § 41–253 in 1982), and § 39–4101 et seq. However, there was no showing of the applicability of the codes adopted by the city ordinance since pre-code buildings are not required to be in strict compliance unless, in the opinion of the chief of the bureau of fire prevention, there exists a distinct hazard to life or property. There was no testimony that the department store constituted such a distinct hazard. While the fire chief testified that he made some general recommendations regarding

the department store building, there was no showing that the tenants were ever served with orders to remedy any alleged dangerous condition. *See Stephens v. Stearns*, 106 Idaho 249, 678 P.2d 41 (1984). Hence, the court correctly excluded from trial any reference to fire codes.

█ Hamilton Drug next asserts that the court erred in its refusal to allow Fire Chief Hosack to testify as an expert in the area of electricity. We note that the instant trial was held prior to the adoption of the Idaho Rules of Evidence. Admissibility of expert opinion testimony is within the sound discretion of the district court and will not be disturbed absent an abuse of discretion. *Stoddard v. Nelson*, 99 Idaho 293, 581 P.2d 339 (1978). We find no abuse of that discretion in the instant case. It was shown that Hosack had no formal training in electricity although he had practical experience and had attended numerous seminars in fire-cause investigation. However, he was not a licensed electrician, was not qualified to inspect wiring, had no knowledge about the metallurgy involved in electrical wiring, and had taken no courses in electricity. While practical experience, as opposed to formal training, can qualify a witness as an expert, *Bean v. Diamond Alkali Company*, 93 Idaho 32, 454 P.2d 69 (1969), the trial court did not abuse its discretion in holding that Hosack was not qualified as an expert in electricity.

Hamilton Drug next asserts that the court erred in its instructions to the jury regarding duty of care.[1] Hamilton Drug had proposed instructions which were based upon Restatement (Second) of Torts §§ 365 and 366, and asserts that its proposed instructions should have been given

---

1. Jury Instruction No. 22

There is no duty upon the [owner] [occupant] of premises to correct or give warning of a dangerous or defective condition of which the [owner] [occupant] had no knowledge unless the condition existed for such a length of time that if the [owner] [occupant] had exercised ordinary care in inspecting the premises he would have discovered the condition in time to remedy it or to give warning before the injury occurred. (IDJI 293)

Jury Instruction No. 23

There is no duty on a property owner to provide safety devices against fire merely because it is possible that the adjacent property could catch fire.

In order to find a property owner negligent for failing to provide safety devices against fire, you must first find that the probability of a fire starting on the premises was foreseeably substantially greater than on ordinary premises. (Derived from *Comfort v. Stadelman Fruit*, 285 Or. 525, 592 P.2d 213 (1979)).

in place of jury instruction No. 23. The substance of said §§ 365 and 366 was contained in jury instruction No. 22, which is IDJI 293. Where the substance of a party's proposed instructions is adequately covered elsewhere, the district court does not err in refusing the proposed instructions. *Garrett v. Nobles,* 102 Idaho 369, 630 P.2d 656 (1981). Further, I.R.C.P. 51(a)(2) recommends that an applicable pattern jury instruction should be given unless the court finds that a different instruction would more adequately or clearly state the law.

■ We perceive that Hamilton Drug's argument is actually that jury instruction No. 23, based on *Comfort v. Stadelman Fruit, supra,* should not have been given. Jury instruction No. 23 addressed a subject not covered in IDJI and deals not only with the duty of a possessor of land to correct or give warning of a dangerous or defective condition, but with the separate and distinct duty to provide fire safety devices. We hold that the district court's instructions, considered as a whole, fairly and adequately presented the issues in this case and stated the applicable law. *See, e.g., Zolber v. Winters,* 109 Idaho 824, 712 P.2d 525 (1985). We find no error.

■ The district court further instructed the jury that "the mere occurrence of a fire does not raise a presumption nor an inference of negligence." Hamilton Drug asserts that this instruction amounted to a comment on the evidence and that IDJI 217 specifically recommends that an instruction should not be given which states, "negligence may not be presumed from the fact of an accident alone."

The instruction did not prevent the jury from drawing inferences from the evidence, but instead highlighted the fact that mere conjecture is insufficient to establish liability. Pattern jury instructions and comments thereto are recommendatory, not mandatory. *Packard v. Joint School Dist. No. 171,* 104 Idaho 604, 661 P.2d 770 (Ct. App.1983). We hold that the district court, under the circumstances of the instant case, was within its discretion in submitting this instruction to the jury. *See* I.R. C.P. 51(a)(2).

Other jurisdictions which have considered this issue have held that such an instruction in the context of circumstances as in the instant case does not constitute error. *Ward v. Aero-Spray, Inc.,* 170 Colo. 26, 458 P.2d 744 (1969); *Real Estate Manag. Corp. v. Imperial Plumb. & Heat Co.,* 512 P.2d 1169 (Colo.App.1973); *Trent v. Sellers,* 1 Kan.App.2d 267, 563 P.2d 1106 (1977); *Louisiana Jt. Underwriters v. Gant,* 439 So.2d 1153 (La.App. 4th Cir. 1983); *Foerster v. Fishbach-Moore, Inc.,* 178 N.W.2d 258 (N.D.1970); *Clark v. National Movers Co.,* 53 N.J.Super. 325, 147 A.2d 298 (1959); *Hesse v. Century Home Components, Inc.,* 267 Or. 53, 514 P.2d 871 (1973); *Chaloupka v. Cyr,* 63 Wash.2d 463, 387 P.2d 740 (1964); *Maryland Casualty Co. v. Pennsylvania Nat. Mut. Cas. Ins.,* 81 Wis.2d 248, 260 N.W.2d 380 (1977); *Wood v. Geis Trucking Co.,* 639 P.2d 903 (Wyo.1982).

We have considered Hamilton Drug's remaining assignments of error relating to other refused jury instructions and the format and submission of special interrogatories to the jury, and Hamilton's other assertions of error. We find no abuse of discretion. In view of the foregoing it is unnecessary to rule upon Hamilton Drug's claim for prejudgment interest.

The orders granting summary judgment to the MacQuivey-Trounson family, and granting judgment in favor of the Winslows, are affirmed.

Costs to all respondents. No attorney fees on appeal.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.