DEALERS SERVICE & SUPPLY COMPANY, Plaintiff-Appellant, v. ST. LOUIS NATIONAL STOCKYARDS COMPANY, Defendant-Appellee.

Fifth District No. 5—85—0326

Opinion filed June 1, 1987.

Charlene E. Novak, of Carr, Korein, Kunin, Schlicter & Brennan, of East St. Louis, and E. Anne McKinsey, of Robins, Zelle, Larson & Kaplan, of Minneapolis, Minnesota, for appellant.

Cornelius Thomas Ducey, Jr., of Ducey, Feder & Ducey, Ltd., of Belleville, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Dealers Service & Supply Company, appeals from an order entered by the circuit court of St. Clair County granting summary judgment in favor of defendant, St. Louis National Stockyards Company, pursuant to section 2—1005 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005). We reverse and remand.

Plaintiff's second amended complaint, which is the pleading upon which defendant's motion for summary judgment was based, was not verified and was executed by plaintiff's attorney. It consisted of one count and alleged the following: that plaintiff was the owner of real

estate in East St. Louis, Illinois, improved with a building; that defendant owned real estate adjacent to plaintiff's property; and that defendant negligently and carelessly maintained defendant's property so as to create a condition hazardous to plaintiff's property because of the threat of fire. Specifically, plaintiff alleged: that defendant failed to cut and remove weeds, in violation of a city ordinance; that defendant used, and permitted others to use, defendant's property as a dumping ground for combustible materials; that defendant failed to prevent the dumping of material and growth of weeds; and that defendant was aware of open fires on its property prior to November 21, 1976, yet failed to protect against recurring fires and failed to warn plaintiff of the hazardous condition. The complaint further alleged that as a direct and proximate result of defendant's negligence, a fire occurred on November 21, 1976, on defendant's property, spread to plaintiff's property, and caused damages to plaintiff's real and personal property.

Defendant filed an unverified answer, executed by its attorney, denying generally the allegations of plaintiff's complaint. The defendant also filed a motion for summary judgment, likewise executed by its attorney, asserting that (1) the fire occurred without any negligence on its part; (2) a city ordinance relied upon in part by plaintiff was not applicable; and (3) the ordinance did not impose a duty on defendant toward plaintiff because the ordinance was not intended to protect against the occurrences alleged in plaintiff's complaint. Defendant's motion was not supported by affidavit but did incorporate by reference various discovery depositions which have been taken in this cause.

Defendant's answers to interrogatories and the deposition testimony disclose the following facts: plaintiff's property consisted of a lot improved with a warehouse at the northeast corner of First Avenue and Pennsylvania Avenue in East St. Louis, Illinois. The property is near the Mississippi River and southwest of the city's border with National City. Defendant "operates" its own city, National City, and has its own post office, National City Stockyards, Illinois. Defendant's vice-president admitted that defendant also owns vacant land adjacent to and "principally" west of plaintiff's property. The precise location of defendant's property in relation to plaintiff's property is not clear from the record.

The deposition testimony indicates further that the general area west of plaintiff's property was vacant but full of high weeds and tall sunflowers. East St. Louis firemen testified that on the day of the fire the weeds in the area were high, conditions were dry and the

wind was strong. Although the cause of the fire has not been established, firemen testified that the fire started somewhere in the weeds west of plaintiff's property and spread to plaintiff's building, aided by a wind from the west.

The evidence also indicates that defendant had given permission to a local business, Lee's Wash Rack, to dump manure, hay, and straw from livestock trucks onto defendant's property in an area to the west of plaintiff's lot. This use was continuous during the five-year period prior to the fire. Unknown parties also dumped trash and refuse in this general area. Firemen and local business owners and employees further testified that there were previous trash fires and weed fires on the vacant land in this general area, one such fire occurring on Friday, November 19, 1976, two days before the fire which damaged plaintiff's building. One witness suggested that the Friday fire might have rekindled, resulting in Sunday's fire. There are also references to railroad tracks and hoboes in this general area.

Defendant's vice-president testified that defendant had not assigned anyone to supervise the vacant land, that defendant had no system of maintenance for the property, and that defendant had never cut the weeds on its land. Defendant's president testified similarly that there was no upkeep or maintenance on the land. He stated that he did not know which lots defendant owned, nor did he know of any ordinances regulating the condition of the property. Defendant's answers to interrogatories stated that defendant was aware that unknown persons were dumping refuse on defendant's property.

It is well established that a motion for summary judgment should be granted only when the pleadings, depositions, admissions, and affidavits establish that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Kolakowski v. Voris* (1981), 83 Ill. 2d 388, 398, 415 N.E.2d 397, 402.

 █ In order to state a cause of action for negligence, a plaintiff must allege the existence of a duty of care owed by defendant to plaintiff, a breach of that duty, and damages proximately resulting from the breach. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 162, 456 N.E.2d 116, 118.) Although the issues of breach of duty and proximate cause are factual matters, the question of the existence of a duty is one of law. 98 Ill. 2d 158, 163, 456 N.E.2d 116, 119.

Defendant urges that a property owner has no liability for damages off his premises caused by a natural condition on his property, while plaintiff asserts that the question of the existence of a duty is not before this court on appeal. Plaintiff contends that the trial

court's denials of defendant's motions to dismiss the negligence count implicitly recognized the existence of a duty on defendant's part. In this regard, however, we note that the legal sufficiency of a complaint may be attacked at any time (*Wagner v. Kepler* (1951), 411 Ill. 368, 371, 104 N.E.2d 231, 233; *Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 974, 447 N.E.2d 1358, 1366), and if it appears from the facts that defendant owed no duty to plaintiff, summary judgment is proper (*Barnes v. Washington* (1973), 56 Ill. 2d 22, 27, 305 N.E.2d 535, 538). Therefore, we must first determine whether defendant as a landowner owed a duty to plaintiff as an adjoining landowner to remedy an allegedly dangerous condition on his land.

■ The traditional rule regarding natural conditions is stated in section 363 of the Restatement (Second) of Torts as follows:

"(1) Except as stated in Subsection (2), neither a possessor of land, nor a vendor, lessor, or other transferor, is liable for physical harm caused to others outside of the land by a natural condition of the land.

(2) A possessor of land in an urban area is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on the land near the highway." (Restatement (Second) of Torts sec. 363 (1965).)

However, the conditions on defendant's land in the case at bar were not natural. Defendant gave explicit permission for a local business to dump on defendant's land combustible material (hay and straw) and other material (manure) which would alter the natural condition of the land. (See *Sprecher v. Adamson Cos.* (1981), 30 Cal. 3d 358, 362 nn.3, 4, 636 P.2d 1121, 1122-23 nn.3, 4, 178 Cal. Rptr. 783, 784-85 nn.3, 4, quoting from Restatement (Second) of Torts, Section 363, comment b, at 258 (1965).) This dumping continued for five years prior to the November 21, 1976, fire. Furthermore, defendant was aware of the fact that unknown persons were dumping trash and refuse on defendant's property. Under these circumstances, we conclude that defendant was under a duty to exercise reasonable care for the safety of plaintiff as an adjoining landowner, under traditional principles of negligence.

■ The common law generally imposes a duty upon a landowner to undertake only reasonable use of his property. The possessor of property must use and maintain it in such a manner so as not to create an unreasonable risk of harm to others. (*Custom Craft Tile, Inc. v. Engineered Lubricants Co.* (Mo. Ct. App. 1983), 664 S.W.2d 556,

558; see W. Prosser, Torts sec. 57, at 351-52, 355 (4th ed. 1971); Restatement (Second) of Torts sec. 364 (1965).) Furthermore, a landowner's possession and control of land gives a landowner a power of control over those whom he allows to enter the land, which he must exercise for the protection of those outside the premises. (W. Prosser, Torts sec. 57, at 356 (4th ed. 1971); Restatement (Second) of Torts, sec. 364(b) (1965).) Finally, a landowner is under a duty of reasonable care to prevent harm to others where he knows or should know of a danger created by the conduct of or condition resulting from the conduct of trespassers. W. Prosser, Torts 57, at 356-57 (4th ed. 1971); Restatement (Second) of Torts sec. 364(c), comment *k* (1965).

These principles have been applied in other jurisdictions to cases where a fire spread to an adjoining landowner's property. (See Annot., 42 A.L.R. 783, 814-20 (1926); Annot., 111 A.L.R. 1140, 1148-49 (1937); Annot., 18 A.L.R.2d 1081, 1093-96 (1951).) In *Ruth v. Pacific Gas and Electric Co.* (1972), 23 Cal. App. 3d 806, 100 Cal. Rptr. 501, the court recognized that there was case authority "which imposes upon property owners an independent duty to prevent the accumulation of inflammable materials on their premises; and in case of violation of this duty they are liable for damages even if the fire was caused by a third person." (23 Cal. App. 3d 806, 817, 100 Cal. Rptr. 501, 508. See *Reid & Sibell v. Gilmore & Edwards Co.* (1955), 134 Cal. App. 2d 60, 285 P.2d 364.) In *Hesse v. Century Home Components, Inc.* (1973), 267 Or. 53, 514 P.2d 871, the court held that every person has a duty to maintain their premises in a reasonably safe condition to avoid the spread of fire therefrom. 267 Ore. 53, 56-57, 514 P.2d 871, 872-73.

■ As we have stated, the question of duty is a question of law for the court, to be determined from consideration of a number of factors: the likelihood of the injury, the magnitude of the burden of guarding against it, the consequences of placing that burden upon the defendant, public policy, and social considerations. (See *Lance v. Senior* (1967), 36 Ill. 2d 516, 518-19, 224 N.E.2d 231, 233; *Loosier v. Youth Baseball & Softball, Inc.* (1986), 142 Ill. App. 3d 313, 316, 491 N.E.2d 933, 935-36.) A conflict exists in certain appellate court decisions as to whether the question of foreseeability should be considered in determining whether a duty exists. The court in *Zimmerman v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 1050, 462 N.E.2d 502, 508, determined that foreseeability of harm does not enter into an inquiry into the true basis of duty, while *Hoffman v. Vernon Township* (1981), 97 Ill. App. 3d 721, 724, 423 N.E.2d 519, 521, held that foreseeability of harm is a factor, among others. However, whether or not we con-

sider the factor of foreseeability, we conclude that a duty exists in the case at bar. While a landowner has the privilege to make use of his land for his own benefit and according to his own desires, this privilege must be qualified by due regard for the interests of others. It is the landowner who has the right to control the use made of his premises and the conditions on the premises. The landowner is also normally best able to prevent harm to others. (W. Prosser, Torts sec. 57, at 351 (4th ed. 1971).) In the case at bar, we conclude that no injustice results if defendant is required to exercise reasonable care if it allows the dumping of inflammable materials on vacant land already overgrown with weeds, on or near which railroad tracks pass and hoboes loiter. This is especially so since the logical preventive measure to avoid the risk of fire spreading to an adjoining landowner's premises would simply be to regularly cut the weeds on and near the boundary line and to regularly inspect the premises. We note that the vacant land in question is in an urban center and that defendant's business is located nearby.

■ Next we must consider the issues of breach of duty and proximate cause. As stated earlier, these are generally questions of fact for the jury; however, due to the posture of the instant case, we must determine whether there is a genuine issue of material fact on these issues. The trial court's determination to grant summary judgment may be reversed only if this court concludes that a genuine issue as to a material question of fact exists and that the defendant is not entitled to judgment as a matter of law. *Moore v. Hill* (1987), 155 Ill. App. 3d 1.

The test for determining whether there has been a breach of duty is the reasonable person standard. This is an objective test, based on the "failure to do something which a reasonably careful person would do, or doing something which a reasonably careful person would not do under circumstances similar to those shown by the evidence." *Haymes v. Catholic Bishop* (1968), 41 Ill. 2d 336, 339, 243 N.E.2d 203, 205.

■ In the case at bar, there are sufficient evidentiary facts established in the record for a jury to reasonably conclude that defendant committed a breach of its duty to plaintiff. Most of this evidence is evidence of nonfeasance. Having authorized the dumping of inflammable material, defendant failed: (1) to take the precautions necessary to prevent damage to plaintiff's property; (2) to inspect the premises (see W. Prosser, Torts sec. 57, at 352 (4th ed. 1971)), even though defendant's business location was in close proximity to the premises; and (3) also failed to cut the weeds or otherwise make a firebreak

between its premises and that of plaintiff. We conclude that there is sufficient evidence to present a jury question on the issue of whether defendant committed a breach of duty which proximately caused the injury plaintiff alleges that it suffered.

■ There was in existence at the time of the events herein an ordinance enacted by the city of East St. Louis which required the owner of real estate located in the city to cut weeds on the real estate so that the weeds did not reach a height greater than one foot. It is well settled in Illinois that the violation of a statute or ordinance designed to protect human life or property is *prima facie* evidence of negligence. (*Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 390, 356 N.E.2d 93, 97.) However, on remand, if the plaintiff relies on the ordinance as a basis for establishing negligence, the plaintiff will be required to demonstrate: (1) that the ordinance was intended to protect against the injury incurred; (2) that the injured party is within the class to be protected; and (3) that the injury was proximately caused by the violation. 64 Ill. 2d 380, 390, 356 N.E.2d 93, 97.

■ The evidence in the case at bar includes testimony that defendant's real estate was overgrown with weeds and that combustible material had been dumped there. Firemen testified that high weeds resulted in more combustible conditions and, together with the wind, aided the spread of the fire to plaintiff's property. Witnesses testified that the fire appeared to start in the dump and spread through the weeds to plaintiff's building. We conclude that there is a genuine issue of material fact with regard to the question of causation in fact.

For the foregoing reasons, we conclude that summary judgment was improperly granted, and we reverse the order of the circuit court of St. Clair County and remand for further proceedings.

Reversed and remanded.

KARNS, P.J.,[1] and HARRISON, J., concur.

[1]Justice Karns replaces Justice Jones, who retired after the case was taken under advisement.