882 P.2d 971

**Doris I. JOHNSON, Plaintiff–Appellant,**

v.

**K–MART CORPORATION, Defendant–Respondent.**

No. 20296.

Court of Appeals of Idaho.

July 7, 1994.

Rehearing Denied Aug. 18, 1994.

James W. Atwood, Coeur d'Alene, argued for appellant.

Quane, Smith, Howard & Hull, Coeur d'Alene, for respondent. Randall R. Adams, argued.

WALTERS, Chief Judge.

This is a slip and fall case. The question presented on appeal is whether the district court correctly decided, on summary judgment, that the tenant operating a retail store owed no duty to its patrons to maintain the parking lot adjacent to its building in a reasonably safe condition. For the reasons explained below, we vacate the summary judgment and remand the case for further proceedings.

On February 14, 1986, Doris Johnson drove to the K–Mart retail store in Coeur d'Alene, Idaho. She parked in the store's parking lot. As she emerged from her vehicle and proceeded toward the store entrance,

Johnson slipped on ice and fell backward, breaking her wrist. Seeking to recover for her injuries, Johnson brought a negligence action against K–Mart, Inc.,[1] alleging that K–Mart had breached its common-law duty of care by failing to warn her of dangerous conditions and by failing to properly inspect and maintain the parking lot. K–Mart denied the allegations and moved for summary judgment on the ground that it did not lease or control the parking lot and therefore owed no duty to Johnson to maintain that portion of the premises in a reasonably safe condition. The district court granted the motion, and this appeal followed.

## Summary Judgment

 On appeal from an order granting summary judgment, we will review the pleadings, depositions, and admissions on file, together with the affidavits, if any, to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Tolmie Farms v. J.R. Simplot, Co.,* 124 Idaho 607, 609, 862 P.2d 299, 301 (1993). Standards applicable to summary judgment require the trial court, and the appellate court on review, to liberally construe all evidentiary facts in the record in favor of the party opposing the motion. *Id.* Where, as here, a jury has been requested, the nonmoving party also is entitled to the benefit of all reasonable inferences which may be drawn from those facts. *Anderson v. Ethington,* 103 Idaho 658, 660, 651 P.2d 923, 925 (1982). However, the existence of disputed facts will not defeat summary judgment when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to its case, on which it will bear the burden of proof at trial. *See Jerome Thriftway Drug, Inc. v. Winslow,* 110 Idaho 615, 717 P.2d 1033 (1986); *Garzee v. Barkley,* 121 Idaho 771, 774, 828 P.2d 334, 337 (Ct.App.1992).

Here, K–Mart sought and was granted summary judgment on the basis that Ms. Johnson would not be able to show at trial, that K–Mart owed her a duty of care—an essential element of Johnson's negligence action. *See Black Canyon Racquetball Club, Inc. v. Idaho First National Bank, N.A.,* 119 Idaho 171, 175–76, 804 P.2d 900, 904–05 (1991). Specifically, K–Mart averred that it had no control over the parking lot in which Johnson fell, and therefore it owed no legal duty to Johnson to maintain that area in a safe condition or to warn her of the lot's dangerous conditions.

## Occupier's Duty of Care

 It is well settled in Idaho that owners and occupiers of land owe a duty of ordinary care under the circumstances toward invitees who come upon their premises. *Harrison v. Taylor,* 115 Idaho 588, 596, 768 P.2d 1321, 1329 (1989); *Otts v. Brough,* 90 Idaho 124, 131, 409 P.2d 95, 102 (1965); *see also Phillips v. United States,* 801 F.Supp. 337, 345 (D.Idaho 1992). Thus, "a tenant or lessee *having control* of the premises is deemed, so far as third parties are concerned, to be the owner, and in case of injury to third parties occasioned by the condition or use of the premises, the general rule is that the tenant or lessee may be liable for failure to keep the premises in repair." *Id.,* (emphasis added). *Accord* 52 C.J.S. *Landlord & Tenant* § 434, at 204–05 (1968); 49 AM.JUR.2D *Landlord and Tenant* § 981, at 952 (1970). This duty of care applies even though the landlord also may have some control over the particular facility and is also liable for the injury. 52 C.J.S. *Landlord & Tenant, supra,* § 436, at 213; *see also Harrison,* 115 Idaho at 596, 768 P.2d at 1329 (recognizing that a landlord, tenant, or both, may be liable to store patrons injured on an adjacent sidewalk). However, a tenant generally will not be held legally responsible for conditions existing outside the area over which it has possession or control. 62A AM. JUR.2D *Premises Liability* § 741 (1990). Whether K–Mart had control over the parking lot, and therefore bore legal responsibility for the lot's condition, turns on the operation of K–Mart's lease agreement. Absent

---

1. For reasons not explained in the record, Johnson did not sue K–Mart's landlord who owned the land in question.

ambiguity in the lease agreement, resolution of this issue presents a question of law over which we exercise free review.

## Analysis

■ Johnson maintains that K–Mart leased the entire 7.2 acre parcel described in the lease, including the parking lot in which she was injured, and that K–Mart therefore owed her a common-law duty to keep those premises in a reasonably safe condition. K–Mart asserts, on the other hand, that it had leased only the building from which its retail store operated, and that it neither leased or possessed nor controlled the adjacent parking lot. In support of its position, K–Mart cites to its lease agreement, submitted with its summary judgment motion, which provides:

> Landlord does demise unto Tenant and Tenant does take from Landlord for the term hereinafter provided, and any extension thereof, the following property: Tenant's completed building (designated K mart), together with site improvements to be constructed, as hereinafter specified, by Landlord at its expense on the land comprising no less than seven & ⁷/₁₀ (7.2) acres described in Exhibit "A", attached hereto and made a part hereof, situated in the County of Kootenai, State of Idaho, said building to be in the location depicted on Exhibit "B"[2]. . . .

K–Mart urges that we construe this language to mean that it did not lease the entire 7.2 acre parcel, but only the completed "building" and "site improvements" located on that land. K–Mart further asserts that "site improvements" do not include the parking areas. We note, however, that the lease agreement explicitly describes the "building" as the store plus an adjacent garden shop; the only other construction required of the landlord under the lease is for sidewalks, driveways and parking areas specified in the lease. Thus, in order to give effect to the phrase "completed building *and site improvements*," the term "site improvements" must be read to include the sidewalks, drive-

ways and parking areas. This reading of the lease is consistent with the subsequent Lease Assignment, which transferred the lease rights of the original landlord to another. The Lease Assignment, which was consented to in writing by K–Mart, recites that K–Mart had leased the real property described in Exhibit "A"; Exhibit "A" contains the full, legal description of the 7.2 acre parcel, including the area in which the parking lots were to be constructed.

Still insisting that it lacked control over the parking lot, K–Mart further cites to a provision in the lease agreement containing the landlord's express covenant to maintain the parking lot "at its sole cost and expense," and specifically, to keep it "reasonably free and clear of . . . snow and ice. . . ." K–Mart further submits that the landlord's collateral contract with a third party for snow removal, together with the uncontroverted testimony of K–Mart's store manager that K–Mart had never performed maintenance in the parking lot, conclusively establish that K–Mart lacked any control or authority over the maintenance of the parking lot. Again, we disagree.

■ The common-law duty of a tenant to keep its premises in a reasonably safe condition for its invitees applies even though the landlord has covenanted to maintain the premises. 49 AM.JUR.2D *Landlord & Tenant, supra,* § 985; 62 AM.JUR.2D *Premises Liability,* § 17 (1990). "Whatever may be the rights and duties respectively of landlord and tenant, as between themselves, the latter cannot, by the terms of the lease, be discharged from the duty to his guests or customers of caring for their safety." 49 AM. JUR.2D *Landlord & Tenant, supra,* § 985, at 957. Thus, although the covenant to maintain the parking lot may have fixed the obligations as between K–Mart and its landlord, this covenant did not operate to absolve K–Mart of its common-law duty to maintain its leased premises in a reasonably safe condition for its invitees.

Finally, K–Mart seeks to avail itself of the rule that where the landlord retains control

---

**2.** Exhibit "A", entitled "Legal description, K–Mart Corporation Demised Premises" contains the legal description of the real property (7.23

acres); Exhibit "B" is a diagram of the store building, parking lot, sidewalks and driveways, which the landlord was required to construct.

over portions of the premises for itself or "for use in common with other tenants," the landlord, and not the tenant, is responsible for the safe maintenance of such areas. *See Torres v. Piggly Wiggly Shop Rite Foods*, 93 N.M. 408, 600 P.2d 1198 (Ct.App.1979); 52 C.J.S. *Landlord and Tenant* § 436, at 212–13; 49 AM.JUR.2D *Landlord & Tenant, supra*, § 987, at 958. Although we do not necessarily disagree with such a rule, we conclude that it has no application to the facts of this case. K–Mart was the exclusive occupant of the landlord's only building on the premises; there were in fact no "other tenants" with whom K–Mart could impliedly use the premises "in common." Nor is there any provision in the lease reserving any portion of the 7.2 acre parcel to the landlord or for use in common with other tenants. *Compare Torres*, 93 N.M. at 410, 600 P.2d at 1200. Although the lease does contain a provision reserving future parking areas in an *adjacent* thirty-foot wide parcel "for use in common with landlord and other tenants," there is no dispute that Johnson sustained her injuries while on the 7.2 acre parcel demised to K–Mart, and not in the adjacent parcel. Consequently, K–Mart's "use in common" argument must also fail.

### Conclusion

For the reasons explained above, we hold that the district court erroneously concluded that K–Mart lacked control over the parking lot in which Ms. Johnson was injured. We therefore vacate the district court's summary judgment order and remand the case for further proceedings. Costs to appellant, Doris Johnson, pursuant to I.A.R. 40. No attorney fees are awarded on appeal.

LANSING and PERRY, JJ., concur.