**Warren G. TAYLOR and Melinda Taylor, husband and wife, and as natural and legal guardians of S.T., a minor; and Christine Taylor, an individual, Plaintiffs—Appellants,**

v.

**Paul SAMSON and Judy Samson, husband and wife; and Intermountain Gas Company, an Idaho corporation, Defendants—Appellees.**

No. 07–35987.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2009.*

Filed April 2, 2009.

Sam Johnson, Esquire, Johnson & Monteleone, Boise, ID, for Plaintiffs–Appellants.

John A. Bailey, Jr., Scott J. Smith, Esquire, Racine Olson Nye Cooper & Budge, Chtd., Pocatello, ID, Jason G. Murray, Stephen Raber Thomas, Moffatt Thomas Barrett Rock & Fields, Chtd., Boise, ID, for Defendants–Appellees.

R.App. P. 34(a)(2).

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

MEMORANDUM **

Plaintiffs Warren and Melinda Taylor, individually and as legal guardians of S.T., a minor, and Christine Taylor (the "Taylors") appeal the district court's summary judgment in favor of Defendants Paul and Judy Samson and Intermountain Gas Company. The Taylors brought this diversity action in the District of Idaho against their former landlords and the gas company seeking damages for personal injuries allegedly caused by exposure to carbon monoxide in their leased residence. The district court granted the defendants' motions for summary judgment on all of the Taylors' various causes of action. The Taylors appeal summary judgment of their common law negligence claims. The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Even assuming actual injury from carbon monoxide poisoning, the Taylors have failed to present admissible evidence establishing prima facie that such injury was caused by a breach of the defendants' respective legal duties. Such a showing is necessary for their negligence claim to proceed. *See Jerome Thriftway Drug, Inc. v. Winslow,* 110 Idaho 615, 717 P.2d 1033, 1036–37 (1986). The Taylors' arguments on appeal go beyond the realm of reasonable inferences. Because no reasonable jury could find in favor of the plaintiffs on this summary judgment rec-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ord, the defendants are entitled to judgment as a matter of law.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.