923 P.2d 427

**Richard and Mary Le'GALL, husband and wife, Plaintiffs–Appellants,**

v.

**LEWIS COUNTY, Idaho, a political entity, Defendant–Respondent,**

and

**Wherry Publishing, Inc., and Robert E. and Patricia Wherry, husband and wife, Defendants.**

No. 22019.

Supreme Court of Idaho,
Boise, April 1996 Term.

July 30, 1996.

Debrha Carnahan Law Offices, Boise, for appellants. Debrha J. Carnahan argued.

Quane, Smith, Howard & Hull, Boise, for respondent. Brian K. Julian argued.

JOHNSON, Justice.

This is a negligence case. We conclude that (1) the trial court correctly included a nonparty in the special verdict form; (2) the trial court's references to the nonparty in the special verdict form confused the jury; (3) the trial court's incorrect proximate cause instruction did not mislead the jury or prejudice the claimants; (4) the trial court's inclusion of a *Seppi* instruction in the special verdict form was sufficient; (5) the trial court correctly refused to give a res ipsa loquitur instruction; (6) the trial court correctly refused to give an instruction on the Life Safety Code; and (7) whether the negligence of the nonparty and an alleged tortfeasor should have been combined was not preserved for appeal.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Richard Le'Gall (Le'Gall), and his supervisor, Russ Reneau (Reneau), were investigators employed by the Idaho attorney general. They were sent to assist Lewis County (the county) investigate a murder. The state paid their salaries. The county paid their expenses. The county rented an apartment for the investigators and prepared it for their arrival, placing two beds in one of the bedrooms, with one of the beds near the baseboard heater, and curtains in the bedroom in a window above the baseboard heater. The night that Le'Gall and Reneau arrived in the apartment, Reneau chose the room with the two beds. He placed his suitcase on the bed by the heater. Later, he turned on the heater. During the evening, Reneau and Le'Gall drank several gin and tonics and smoked several cigarettes. Each went to sleep in his own bedroom. Later, Reneau awoke to find the unoccupied bed and the curtains next to the heater on fire. He went to Le'Gall's room and awakened him. As they tried to escape, Le'Gall fell down the stairs, injuring himself.

Le'Gall and his wife (the Le'Galls) sued the county for negligently placing the bed and curtains too close to the heater. They also sued the building owners for negligently failing to have smoke alarms. They did not sue Reneau, but the trial court included Reneau in the section of the special verdict form which asked the jury to apportion negligence. The trial court also directed the jury in the special verdict form to answer a question about damages only if the percentage of negligence attributed to any defendant "or other individual" was more than the percentage of negligence attributed to Le'Gall. The jury returned a special verdict which found Le'Gall 30% negligent, the county 25% negligent, the building owners 0% negligent, and Reneau 45% negligent. The jury found that the Le'Galls' total damages were $35,000. Because the jury found Le'Gall more negligent than either the county or the building owners, the trial court entered a judgment dismissing the complaint on the merits, with prejudice. The Le'Galls moved for a new trial, for a judgment notwithstanding the verdict, and to alter or amend the judgment. The trial court denied all three motions. The Le'Galls appealed. Subsequently, the Le'Galls stipulated to dismiss the building owners from the appeal.

## II.

### THE TRIAL COURT PROPERLY INCLUDED RENEAU ON THE SPECIAL VERDICT FORM.

The Le'Galls assert that Reneau should not have been placed on the special verdict form. We disagree.

When apportioning negligence, the jury should consider the negligence of actors involved in the event giving rise to the negligence action, even if the actors are not parties to the particular action or they cannot be liable to the plaintiff by operation of law or settlement. *Hickman v. Fraternal Order of Eagles,* 114 Idaho 545, 547, 758 P.2d 704, 706 (1988). If the jury could conclude, based on the evidence, that an actor negligently contributed to the plaintiff's injury, then the actor must be included on the special verdict form. *Id.*

Every person has a "duty of care to prevent unreasonable, foreseeable risks of harm to others." *Sharp v. W.H. Moore, Inc.,* 118 Idaho 297, 300, 796 P.2d 506, 509 (1990). Reneau owed this duty of care to Le'Gall. The county presented evidence that Reneau smoked in his bedroom and could have started the fire with a cigarette. The county also presented evidence that Reneau moved the bed toward the heater. Finally, the county argued that Reneau was negligent when he turned on the heater without moving the bed away from it. Therefore, the county presented evidence of Reneau's duty, a breach of the duty, and a causal connection between the breach and the injury. Because the jury could have concluded that Reneau negligently contributed to Le'Gall's injury, the trial court correctly included Reneau on the special verdict form.

### III.

### THE REFERENCE TO RENEAU AS THE "OTHER INDIVIDUAL" ON THE SPECIAL VERDICT FORM CONFUSED THE JURY.

The Le'Galls assert that the trial court should not have referred to Reneau as the "other individual" in the special verdict form. We agree.

IDJI 283–B contains the basic special verdict questions for actions in which a nonparty is involved. The special verdict questions at issue in this case are quoted below, with the important modifications by the trial court of IDJI 283–B indicated in italics:

QUESTION NO. 5: We find that the parties contributed to the cause of the accident in the following percentages:

| | | |
|---|---|---|
| (a) | Plaintiff Richard Le'Gall | ___% |
| (b) | Defendant Lewis County, Idaho | ___% |
| (c) | Defendants Robert and Patricia Wherry [the building owners] | ___% |
| (d) | Russ Reneau | ___% |
| | Total | 100% |

If the percentage of negligence attributed to Plaintiff Richard Le'Gall is equal to or greater than the percentage of negligence attributed to *each* Defendant *or other individual,* then you will not answer any further questions, but will sign the verdict *because the law prohibits recovery if the Plaintiff's negligence is equal to or greater than the negligence of any of the Defendants.*

If the percentage of negligence attributed to Plaintiff Richard Le'Gall is less than the percentage of negligence attributed to *any* defendant *or other individual,* then you will answer Question No. 6.

QUESTION NO. 6: What is the total amount of damages sustained by Plaintiffs as a result of this accident?

ANSWER: $ _____

The county suggested the addition of the words "or other individual." The trial court added the second modification, known as a *Seppi* instruction, which explains what would happen if the jury found Le'Gall's negligence equal to or greater than that of either of the defendants' negligence. *Seppi v. Betty,* 99 Idaho 186, 579 P.2d 683 (1978).

This Court has stated the standard for reviewing a possible error of law in a special verdict form. *Cosgrove v. Merrell Dow Pharmaceuticals, Inc.,* 117 Idaho 470, 788 P.2d 1293 (1990). In *Cosgrove,* this Court addressed whether making a proximate cause instruction the first question of a special verdict form caused the jury to decide the issue of negligence and strict liability too quickly. The Court explained that:

It was hardly an abuse of discretion on the part of the trial court to submit the question of proximate cause to the jury first, since if they found that the product did not cause the appellants' injuries, then the jury would not have to struggle with the other complex scientific issues of whether the

product was defective and unreasonably dangerous, or whether Merrell Dow was guilty of negligence. *There was no showing that the special verdict form confused the jury, and the jury was correctly instructed on the definition of proximate cause in an instruction patterned after IDJI 230.* Accordingly, we conclude that the trial court did not err in arranging the order of the questions on the special jury verdict form.

*Id.* at 477–78, 788 P.2d at 1300–01 (emphasis added) (footnote omitted). Based on the analysis in *Cosgrove,* the Le'Galls must show that the jury was incorrectly instructed on the law at issue or that the special verdict form confused the jury.

The part of question five in the special verdict form which refers to the Le'Galls not being able to recover if Le'Gall's negligence was equal to or greater than the negligence of any of the defendants is a correct instruction on the law of comparative negligence. I.C. § 6–801 (1990). The references to the "other individual" are unnecessary because the relationship between Le'Gall's negligence and Reneau's negligence was irrelevant to this action. The Le'Galls could not recover from Reneau in this action because Reneau was not a party.

The Le'Galls have not shown that the jury was incorrectly instructed. The references to the "other individual" are unnecessary, but not misstatements of law. Also, the comparative negligence instruction is correct.

The special verdict form contains an implication, however, that the Le'Galls could recover from someone, perhaps Reneau, if Le'Gall's negligence was less than Reneau's negligence. This implication arises because the third paragraph of question five tells the jury to answer question six if Le'Gall's negligence is less than the negligence of the "other individual." The implication is that someone must be liable to the Le'Galls for the damages contained in the answer to question six.

■ We conclude that there is a reasonable possibility that the jury would have apportioned negligence to the county differently if the special verdict form had not contained the references to the "other individual." The fact that the jury answered question six shows the third paragraph confused it. Also, during its deliberations, the jury asked the judge: "Who pays for damages? Is it assigned by the % we assigned to each party?" This question indicates that the jury was trying to determine how its apportionment of negligence affected the Le'Galls' recovery. If it had understood that its apportionment would prohibit the Le'Galls from recovery, it might have apportioned negligence differently. Jurys are informed about the affect their apportioning of negligence has on recovery to insure that they think carefully about their answers and that the verdict reflects their view of the facts. *Seppi,* 99 Idaho at 193–94, 579 P.2d at 690–91. We conclude that the jury was confused by the reference to the "other individual." The jury may have even believed that the Le'Galls could recover from the county if Le'Gall's negligence was less than Reneau's negligence.

## IV.

## THE TRIAL COURT'S FAILURE TO GIVE THE CORRECT PROXIMATE CAUSE INSTRUCTION WAS NOT PREJUDICIAL BECAUSE THE JURY FOUND THAT THE COUNTY'S NEGLIGENCE WAS A PROXIMATE CAUSE.

■ The Le'Galls assert that the trial court gave an incorrect proximate cause instruction. We agree, but conclude that there was no prejudice to the Le'Galls because the jury found that the county's negligence was a proximate cause.

■ There are two proximate cause instructions that a trial court can give in a negligence action. The first proximate cause instruction is referred to as the "but for" instruction. The trial court should give the but for instruction when there is only one possible cause for the injury. The first paragraph of IDJI 230 contains the but for instruction. The second proximate cause instruction is referred to as the "substantial factor" instruction. *Fussell v. St. Clair,* 120 Idaho 591, 595, 818 P.2d 295, 299 (1991).

The trial court should give the substantial factor instruction when more than one cause could have proximately caused the injury. The but for instruction and the substantial factor instruction are mutually exclusive.

In this case, there were four parties potentially responsible for causing Le'Gall's injury and potentially three separate ways the parties could have caused it. Le'Gall, Reneau, the county, and the building owners were all potentially responsible for the injury. In addition, it could have been Reneau's cigarettes that started the fire, it could have been the bed or the curtains being too close to the heater, or it could have been the absence of smoke detectors that caused Le'Gall not to get out before he was too debilitated by the smoke. Therefore, the trial court should have given the substantial factor instruction.

Initially, the trial court gave the but for instruction. During its deliberations, the jury sent the trial court this note: "We need a clarification of *'proximate cause.'* Maybe an example would help." The trial court responded by instructing the jury as follows: "There may be one or more proximate causes of an injury. When the negligent conduct of two or more persons contributes concurrently as substantial factors in bringing about an injury, the conduct of each may be a proximate cause of the injury regardless of the extent to which each contributes to the injury." This is the multiple-party instruction contained in the second, bracketed paragraph of IDJI 230. Because this multiple-party instruction has been replaced by the substantial factor instruction developed in *Fussell,* the trial court did not cure the problem created by giving the but for instruction.

The fact that the trial court gave the wrong proximate cause instruction did not prejudice the Le'Galls, however, because the jury found that the county's negligence was a proximate cause of the injury. Therefore, it is evident that the incorrect proximate cause instruction did not mislead the jury or prejudice the Le'Galls concerning the county's negligence being a proximate cause. *Lankford v. Nicholson Mfg. Co.,* 126 Idaho 187, 189, 879 P.2d 1120, 1122 (1994).

## V.

## THE TRIAL COURT'S INCLUSION OF THE *SEPPI* INSTRUCTION IN THE SPECIAL VERDICT FORM RATHER THAN IN THE JURY INSTRUCTIONS WAS SUFFICIENT.

The Le'Galls assert that the trial court should have given their requested *Seppi* jury instruction. We disagree.

In *Seppi v. Betty,* 99 Idaho 186, 579 P.2d 683 (1978), the Court ruled that a trial court could instruct the jury that if it found the plaintiff as negligent or more negligent than the defendant, then the plaintiff would recover nothing. The Le'Galls requested both a jury instruction and a special verdict instruction on the *Seppi* issue. If the substance of a proposed instruction is adequately covered elsewhere, the trial court will not be reversed for failing to give the proposed instruction. *Watson v. Navistar Int'l Transp. Corp.,* 121 Idaho 643, 665, 827 P.2d 656, 678 (1992). In the Le'Galls' case, because the *Seppi* information was adequately covered in the special verdict form, the trial court was not required to include it as a jury instruction. *Quincy v. Joint Sch. Dist. No. 41,* 102 Idaho 764, 769, 640 P.2d 304, 309 (1981) (holding that because facts were stipulated to in front of jury, they were adequately covered "elsewhere" and no instruction on them was required).

## VI.

## THE TRIAL COURT CORRECTLY REFUSED TO GIVE A RES IPSA LOQUITUR INSTRUCTION.

The Le'Galls assert that the trial court should have given their requested jury instruction on res ipsa loquitur. We disagree.

Res ipsa loquitur applies when "the agency or instrumentality causing the injury is under the exclusive control and management of the defendant, and the circumstances of the case are such that common knowledge and experience would justify the inference that the accident would not have happened in the absence of negligence." *Jerome Thrift-*

way Drug, Inc. v. Winslow, 110 Idaho 615, 618, 717 P.2d 1033, 1036 (1986). The trial court correctly declined to give a res ipsa loquitur instruction because it does not apply in this case.

First, the defendants, the county and the building owners, were not in exclusive control of the agency or instrumentality causing the fire. Assuming that the baseboard heater caused the fire, Reneau had control over it after the county or the building owners did, thus destroying exclusivity. Second, a fire is something that can happen even if no one is negligent. *See, e.g., Jerome Thriftway Drug, Inc.* at 619, 717 P.2d at 1037 ("Our common knowledge and experience ... would not justify the inference that the [fire] would not have happened in the absence of negligence in that there are many possible causes for a building fire in the absence of negligence."). Therefore, neither requirement for the application of res ipsa loquitur was met.

## VII.

### THE TRIAL COURT CORRECTLY REFUSED TO GIVE AN INSTRUCTION ON THE LIFE SAFETY CODE.

 The Le'Galls assert that the trial court should have given their requested instruction on the Life Safety Code (LSC). Because the Le'Galls failed to introduce evidence that either the county or the city of Nezperce had adopted the LSC, the trial court correctly refused to give the instruction.

The fire occurred in November 1989 in the city of Nezperce, which is in Lewis County. In 1989, I.C. § 39–4109(5) stated that the LSC was adopted for the state of Idaho. Idaho Code § 39–4116(1) stated that local governments had the option of adopting the LSC. A local government was defined as an Idaho city or county. I.C. § 39–4105(9). The Le'Galls did not introduce any evidence that the county or the city of Nezperce adopted the LSC. Because there was no evidence that the LSC applied when the fire occurred, the trial court correctly refused to give the Le'Galls' requested instruction on it. *Lubcke v. Boise City/Ada County Hous. Auth.*, 124 Idaho 450, 461, 860 P.2d 653, 664

(1993); *Everton v. Blair,* 99 Idaho 14, 16, 576 P.2d 585, 587 (1978).

## VIII.

### THE LE'GALLS DID NOT PRESERVE FOR APPEAL THE ISSUE OF WHETHER THE TRIAL COURT CORRECTLY REFUSED TO COMBINE THE PERCENTAGE OF THE COUNTY'S NEGLIGENCE WITH RENEAU'S NEGLIGENCE.

 The Le'Galls assert that because the county employed Reneau, the county is liable for Reneau's negligence under the doctrine of respondeat superior. Because the Le'Galls failed to raise this issue in the trial court, we do not consider it on appeal.

The Le'Galls did not raise the issue of respondeat superior in their complaint. They did not present evidence during the trial that Reneau was the county's employee. They did not propose any jury instructions asking the jury to determine if Reneau was the county's employee. Therefore, we will not consider this issue for the first time on appeal. *Lawton v. City of Pocatello,* 126 Idaho 454, 464, 886 P.2d 330, 340 (1994); *Ross v. Coleman Co., Inc.,* 114 Idaho 817, 826–27 & n. 7, 761 P.2d 1169, 1178–79 & n. 7 (1988).

## IX.

### CONCLUSION

We vacate the trial court's judgment and remand the case to the trial court for a new trial.

The Le'Galls also asserted that the trial court should have given their requested instruction on the Uniform Building Code (UBC). The trial court excluded evidence on the UBC because it ruled that the UBC did not apply to the part of the building in which the fire occurred. Because whether the UBC applies depends on the facts presented in the new trial that we have ordered, we do not address this issue.

We award the Le'Galls costs on appeal. The Le'Galls did not request attorney fees.

McDEVITT, C.J., TROUT, SILAK and SCHROEDER, JJ., concur.