245 P.3d 1009

Joshua C. JONES and Laura D. Jones, husband and wife, Plaintiffs–Appellants,

v.

Jay B. STARNES and Julie A. Starnes, husband and wife; TTJ's Inc., an Idaho corporation, dba Boomers; and John and Jane Doe I through 50, Defendants–Respondents.

No. 37179.

Supreme Court of Idaho, Lewiston, November 2010 Term.

Jan. 10, 2011.

Clark and Feeney, LLP, Lewiston, for Appellants. Charles Stroschein argued.

Grow Law Offices, Lewiston, for Respondents. James W. Grow argued.

W. JONES, Justice.

## I. NATURE OF THE CASE

This case arises from a brawl that occurred outside of Boomers bar in Lewiston, in which Appellant Joshua Jones was injured by an unknown assailant. Joshua Jones and his wife Laura appeal the summary judgment of the district court, which held that (1) no duty was owed to Mr. Jones by Boomers and that (2) there was not a sufficient causal connection between Mr. Jones' injury and any duty owed by Boomers.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 2005, Appellants Joshua and Laura Jones went out to dinner with Mr. Jones' sister Sprie Tucker and her husband George "Bear" Tucker. After dinner, the four of them picked up a friend and drove him to Boomers. The Joneses parked their truck in front of Boomers and waited for their friend to come back out. Mr. Jones admits that he never entered Boomers, nor did he plan on entering Boomers that evening.

The Joneses observed a Boomers bouncer escort a patron out of the bar onto the sidewalk, and then go back into the bar. Although the witnesses have different accounts of how the patron was brought out, each states that after the patron was brought out, he bounced up off the sidewalk and hit the Joneses' truck. Mrs. Jones states that there was no one in the street before the patron was brought out. The Joneses then saw a group of people spill out of Boomers and onto the sidewalk around the area of the street where their truck was parked. Mr. Jones got out of the truck to try to clear a path for the truck to leave, and was subsequently struck in the face and knocked to the ground by a member of the group. Mrs. Jones and Sprie identified Mr. Jones' assailant as "[a] man of either Indian or Mexican descent, wearing a puffy coat," but could not provide any further description. Mr. Jones cannot identify anything about his assailant.

On April 11, 2006, the Joneses filed a complaint alleging negligence against Jay and Julie Starnes, who are shareholders of TTJ's Inc., as well as TTJ's Inc., doing business as Boomers (herein collectively referred to as "Boomers"), to recover for Mr. Jones' injuries, and filed an amended complaint on October 15, 2008. Boomers filed its motion for summary judgment on June 4, 2009, arguing that there was no duty of care owed to the Joneses by Boomers. The district court granted summary judgment to Boomers on September 16, 2009, finding that there was not a sufficient causal link between Boomers' actions and Mr. Jones' injury to sustain any cause of action, and that the Joneses had not provided sufficient evidence to show Boomers owed a duty to Mr. Jones.

## III. ISSUES ON APPEAL

1. Whether the Joneses provided sufficient evidence to establish that Boomers owed Mr. Jones a duty of care.

2. Whether the Joneses provided sufficient evidence to establish a causal connection between the injury Mr. Jones suffered and a duty Boomers owed.

3. Whether the Joneses provided sufficient evidence to establish that Boomers' actions created a public nuisance.

4. Whether costs should have been awarded to Boomers by the trial court, and whether attorney fees should be awarded to Boomers on appeal.

## IV. STANDARD OF REVIEW

The standard of review on appeal from a summary judgment is the same standard used by the district court in rendering its decision. *Sorensen v. Saint Alphonsus Reg'l Med. Ctr., Inc.*, 141 Idaho 754, 758, 118 P.3d 86, 90 (2005). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c).

In order to survive a motion for summary judgment, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the

burden of proof at trial." *Badell v. Beeks,* 115 Idaho 101, 102, 765 P.2d 126, 127 (1988). Thus, here the Joneses were required to establish the existence of the essential elements of negligence in order to survive the motion for summary judgment. In a negligence action the plaintiff must establish the following elements: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *Hansen v. City of Pocatello,* 145 Idaho 700, 702, 184 P.3d 206, 208 (2008).

## V. ANALYSIS

### A. The Motion for Summary Judgment Was Properly Granted Because There Is Not Sufficient Evidence To Show that Boomers Owed Mr. Jones a Duty of Care.

 "No liability exists under the law of torts unless the person from whom relief is sought owed a duty to the allegedly injured party." *Vickers v. Hanover Constr. Co., Inc.,* 125 Idaho 832, 835, 875 P.2d 929, 932 (1994). The existence of a duty of care is a question of law over which this Court exercises free review. *Coghlan v. Beta Theta Pi Fraternity,* 133 Idaho 388, 400, 987 P.2d 300, 312 (1999); *Turpen v. Granieri,* 133 Idaho 244, 247, 985 P.2d 669, 672 (1999). The Joneses argue that Boomers owed Mr. Jones a duty under (1) general negligence principles, (2) premises liability, and (3) negligence per se. The Joneses did not provide sufficient evidence to establish a duty of care under any of the above theories.[1]

### 1. There Is Not Sufficient Evidence to Establish that Boomers Owed Mr. Jones a Duty Based on General Negligence Principles.

 The Joneses argue that under general negligence principles, Boomers owed a duty

to protect Mr. Jones from the injury he suffered outside of the bar. This Court has held that "every person, in the conduct of his or her business, has a duty to exercise ordinary care to prevent unreasonable, foreseeable risks of harm to others." *Turpen,* 133 Idaho at 247, 985 P.2d at 672. Further, the Court of Appeals has held that a tavernkeeper has a duty to protect its patrons from injury by other patrons on the premises. *McGill v. Frasure,* 117 Idaho 598, 601, 790 P.2d 379, 382 (Ct.App.1990). Here, the Joneses were not patrons of Boomers. Since Mrs. Jones testified in the form of an affidavit that she did not see anyone in the street before the attack, the Joneses provided sufficient evidence for the purposes of summary judgment to raise a fact issue and create a reasonable inference that there was no one else in the street outside Boomers. Thus, we must infer that the assailant came from Boomers, and was a patron. In *McGill,* the Court of Appeals held that a tavernkeeper's knowledge of a specific patron's propensity for violence could establish foreseeability. *Id.* The court also considered that a tavernkeeper's knowledge of the "likelihood of disorderly conduct by third persons in general which might endanger the safety of the proprietor's patrons" may establish foreseeability of an attack on the premises, but it did not expressly adopt, or in that case even consider, this more general standard. *Id.* Instead, the court analyzed whether the tavern had knowledge that the specific patron who committed the assault had a propensity for violence. *Id.*

Here, even if Mr. Jones was a patron and the injury occurred on the premises, the assault was not foreseeable because there is no evidence that Boomers had knowledge of the unknown assailant's violent propensities. The Joneses argue that the injury to Mr. Jones was "foreseeable" because Boomers

<hr/>

1. The Appellants argued before the district court that a duty was owed by Boomers to Mr. Jones under the Dram Shop Act, I.C. § 23–808(3)(b). The district court held that the Dram Shop Act was inapplicable because the Appellants had failed to assert any facts that would show "(1) that the assailant had been a patron of Boomers and (2) that Boomers' employees furnished alcoholic beverages to the assailant when they knew or should have reasonably known that the assailant was obviously intoxicated" as required under the Act. Appellants make no argument in their briefs to this Court that the district court was incorrect in its conclusion and therefore the Dram Shop Act is not considered here.

removed a patron from their bar and the rowdy group who started the fight may have come from Boomers. As the district court concluded, and as the evidence supports, there is no indication that the group of people that allegedly left Boomers left any way other than voluntarily, no evidence as to whether Boomers served any alcohol to that group, and no evidence as to what sparked the altercation. Thus Boomers did not have any evidence to indicate a likelihood of violence in regard to them. Further, because none of the witnesses can identify the assailant, there is no indication that the person escorted out of Boomers was Mr. Jones' assailant, and thus Boomers did not have any knowledge of the assailant's violent propensities. Even more, Mr. Jones was not a patron and the attack occurred on a public street or sidewalk. As a result, the Joneses cannot show that Boomers owed Mr. Jones any duty with regard to the attack by the unknown assailant.

Further, even if Boomers did have knowledge of the assailant or knew he had violent propensities, this does not necessarily create a duty to prevent a former patron from committing a crime or intentional tort on a non-patron in a public area after he has already left the premises. *See Caldwell v. Idaho Youth Ranch, Inc.*, 132 Idaho 120, 123–24, 968 P.2d 215, 218–19 (1998) (holding there was no duty to prevent a murder occurring off defendant Youth Ranch's premises because the defendant no longer had custody or control of the assailant).

The Joneses submit a list of police "contacts" that occurred between 1998 and 2006 as evidence that Boomers was on notice of a likelihood of disorderly conduct. This is not enough to show that the assault on Mr. Jones by an unknown assailant on a public street or sidewalk was foreseeable. The police contacts may tend to show that Boomers indeed had interactions with the police, but there is no evidence that all or even a substantial portion of those contacts were related to fights or brawls on a public street or sidewalk outside Boomers such that they would create foreseeability of Mr. Jones' injuries. The only description of what actually occurred in each contact is a one-or-two word label. Even the minority of contacts that seem to involve some sort of physical altercation, such as the ones labeled "battery," contain no other description that would indicate that the conduct was from someone acting outside the bar or that the conduct was against a non-patron. Thus, the police contacts do not establish that the assault on Mr. Jones, who was not a patron, by an unknown assailant that occurred on a public street or sidewalk, was foreseeable.

The Joneses further argue that Boomers had a duty to control its employees. However, the injury to Mr. Jones did not result from a lack of control of any Boomers employee, but rather from the actions of an unknown third party who assaulted Mr. Jones. Thus, in this case the duty to control one's employees is not applicable.

2. *There Is Not Sufficient Evidence to Establish That Boomers Owed Mr. Jones a Duty Based on Premises Liability Because the Injury Did Not Result From a Condition on Boomers' Property.*

 The Joneses argue that Boomers owed Mr. Jones a duty under premises liability. The district court found that premises liability did not apply to the Joneses' claims because premises liability only applies to physical conditions on the property and not to activities that take place on the property. "[T]he general rule of premises liability is that one having control of the premises may be liable for failure to keep the premises in repair." *Heath v. Honker's Mini–Mart, Inc.*, 134 Idaho 711, 713, 8 P.3d 1254, 1256 (2000). First, Boomers did not have a duty under premises liability because the attack occurred on a public sidewalk or street, and not on Boomers' property. Second, even if the injury to Mr. Jones occurred on Boomers' property, it resulted from an activity and not a condition. In granting the summary judgment, the district court relied on the Idaho Court of Appeals' decision in *Boots ex rel. Boots v. Winters*, 145 Idaho 389, 179 P.3d 352 (Ct.App.2008). In that case, the Court of Appeals correctly interpreted this Court's decision in *Turpen*, 133 Idaho 244, 985 P.2d 669. *Boots* held that "impos[ing] responsibil-

ity for activities taking place on [a] rented property which in no way implicate the physical condition of the house or surrounding property" was not proper under a premises liability theory. *Boots,* 145 Idaho at 393, 179 P.3d at 356. In *Turpen,* this Court found that there was no duty under premises liability when the Court was "asked to impose a responsibility for activities taking place on the rented property which in no way implicate the physical condition of the house or surrounding property." *Turpen,* 133 Idaho at 248, 985 P.2d at 673. In reliance on *Turpen,* the Court of Appeals concluded in *Boots* that "the presence of [Appellant's] brown dog did not implicate the physical condition of the premises" and thus no duty was owed under premises liability. *Boots,* 145 Idaho at 393, 179 P.3d at 356. Similarly here, the fight that led to the injury of Mr. Jones was an activity that occurred on the sidewalk and street outside Boomers, and was not the result of a physical defect or condition of Boomers' property. Therefore, Boomers had no duty under premises liability to stop or prevent the fight that led to the assault on Mr. Jones.

The Joneses argue that the holding in *Boots* is distinguishable because it concerned a landlord's responsibility for a tenant's activity, keeping a brown dog, while the case here concerns a landowner's responsibility for a third party. *Boots* does not contain any language to suggest that its holding is limited only to a landlord's responsibility for a tenant's activities, and it would be illogical to hold a landowner responsible for unknown third parties' activities when this Court has held in *Turpen* that a landlord is not responsible for the activity of a known tenant. Thus, the district court properly relied on the holding in *Boots* to conclude that premises liability does not apply to activities on the property.

3. *There Is Not Sufficient Evidence to Establish That Boomers Owed Mr. Jones a Duty Under Negligence Per Se Principles.*

The Joneses argue that a duty arose and was breached under negligence per se principles. "The effect of establishing negligence per se through violation of a statute is to conclusively establish the first two elements of a cause of action in negligence." *O'Guin v. Bingham Cnty.,* 142 Idaho 49, 52, 122 P.3d 308, 311 (2005). Here, the Joneses argue that Boomers violated two different Lewiston City Ordinances, § 31–33 and § 6–20. Section 31–33 is titled "Sidewalks to be kept clear of snow, leaves, debris" and requires that any owner of property "shall keep the sidewalk in front of such abutting property free and clear from snow, wood, leaves, weeds, litter, debris, or other obstructions or impediments of whatsoever kind." Lewiston, Idaho, Ordinances ch. 31, art. II, div. 1, § 33 (1974). The Joneses argue that the phrase "other obstructions or impediments of whatsoever kind" includes the group of people who were fighting outside of Boomers, resulting in the injury to Mr. Jones. Section 6–20 prohibits establishments licensed to sell alcohol under that section from serving alcohol to someone who is already intoxicated and also prohibits them from maintaining a disorderly business house or permitting disorderly conduct on the premises. Lewiston, Idaho, Ordinances ch. 6, art. II, div. 1, § 20 (1974).

The existence of negligence per se is an issue of law over which this Court exercises free review. *O'Guin,* 142 Idaho at 51, 122 P.3d at 310 (citation omitted). In order for negligence per se to apply, a plaintiff must show that: (1) the statute or regulation clearly defines the required standard of conduct; (2) the statute or regulation is intended to prevent the type of harm the defendant's act or omission caused; (3) the plaintiff is a member of the class of persons the statute or regulation was designed to protect; and (4) the violation was the proximate cause of the injury. *Id.* at 52, 122 P.3d at 311 (citing *Ahles v. Tabor,* 136 Idaho 393, 395, 34 P.3d 1076, 1078 (2001)). The district court found that § 31–33 "requires the physical condition of an adjacent sidewalk to be kept clean and free of debris ... [i]t does not, however, require an adjacent landowner to control activity taking place on the sidewalk." The Joneses' claim under § 31–33 fails the second prong of the *O'Guin* analysis because the title and content of the ordinance clearly refer to physical items on the land

such as snow, litter, and debris. There is no indication that a group of people that happen to be standing on the sidewalk was meant to be included as an "obstruction" or "impediment" under the ordinance, and given the content of the ordinance, it would be unreasonable for this Court to conclude otherwise. The Jones' claim under § 6–20 fails the fourth prong of the *O'Guin* analysis because the Joneses cannot provide any evidence that Boomers served alcohol to the unknown assailant or that the unknown assailant was already intoxicated. Thus, the facts here do not show that § 31–33 or § 6–20 were violated, and as a result, neither can be the basis to impose a duty on Boomers under the principles of negligence per se.

The district court granted the motion for summary judgment on the grounds that the Joneses "have simply failed to present any evidence showing a causal connection between the ejection of some unknown individual from Boomer's bar and the assault suffered by Plaintiff Joshua Jones at the hands of an unknown individual." "[T]o establish liability in a negligence action, a plaintiff must prove a causal connection between the defendant's breach of duty and the plaintiff's injuries." *Allen v. Burggraf Constr. Co.*, 106 Idaho 451, 453, 680 P.2d 873, 875 (Ct.App. 1984) (citing *Alegria v. Payonk*, 101 Idaho 617, 619 P.2d 135 (1980)). Since we find that the Joneses have not provided sufficient evidence to show Boomers owed a duty, the summary judgment based on the negligence claim can be affirmed on those grounds alone, and there is no need to decide the issue of causation.

**B. The Motion for Summary Judgment Was Properly Granted Because There Is Not Sufficient Evidence to Establish That Boomers' Actions Created a Public Nuisance.**

 The Joneses argue that Boomers violated Idaho's nuisance statute, I.C. § 52–

111, asserting that "the actions of Boomers was [sic] a nuisance which interfered with the Jones' comfortable enjoyment of life and unlawfully obstructed the free passage of use in the customary manner of the street." The nuisance statute prevents interference with the "comfortable enjoyment of life or property" by anything injurious to health or morals, indecent, offensive to the senses, or an obstruction to the free use of property. I.C. § 52–111.[2] This Court has stated that "for one to be held liable for a nuisance, he, she, or it, must control or manage or otherwise have some relationship to the offensive instrumentality or behavior that would allow the law to say the defendant must stop causing it and/or pay damages for it." *Cobbley v. City of Challis*, 143 Idaho 130, 134, 139 P.3d 732, 736 (2006). The Joneses essentially argue that the brawl itself, and more specifically the unknown assailant, was an "offensive instrumentality" which Boomers had a duty to remove. The evidence the Joneses presented is sufficient to raise a fact issue that creates a reasonable inference that no one else was on the sidewalk before the fight began. Thus, we must infer that the assailant came from Boomers. Nevertheless, there is no evidence that Boomers had control of the people on the sidewalk or street where the incident occurred. Thus, there is not sufficient evidence to show that Boomers must "stop causing" an attack by an unknown assailant on a third party who is not a patron of the establishment, that did not occur on Boomers' property. As a result, this Court finds that the district court correctly determined that a claim for public nuisance could not be sustained by the evidence presented.

**C. The Denial of Discretionary Costs at the Trial Court is Affirmed, and Attorney Fees Are Not Awarded on Appeal.**

 Boomers requests costs incurred at proceedings before the trial court. The rec-

---

2. I.C. § 52–111 provides in full:
 Anything which is injurious to health or morals, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance and the subject of an action. In the case of a moral nuisance, the action may be brought by any

resident citizen of the county; in all other cases the action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance; and by the judgment the nuisance may be enjoined or abated, as well as damages recovered.

ord reveals that Boomers was awarded its costs as a matter of right, but was denied discretionary costs. This Court affirms the judgment of the district court including the denial of discretionary costs for two reasons. First, it is within the discretion of the court to award discretionary costs under I.R.C.P. 54(d)(1)(D), and Boomers has not shown that the district court abused that discretion. Second, Boomers did not appeal the denial of costs. Because Boomers is the Respondent and failed to file a cross-appeal, Boomers is precluded from raising this issue on appeal. *Miller v. Bd. of Trustees,* 132 Idaho 244, 248, 970 P.2d 512, 516 (1998); I.A.R. 15.

██ Boomers requests attorney fees and costs on appeal under I.A.R. 11.2, but provides no other authority or support for that request. "Because they have failed to cite any statutory or contractual authority for awarding attorney fees, we will not address that issue." *PHH Mortg. Servs. Corp. v. Perreira,* 146 Idaho 631, 641, 200 P.3d 1180, 1190 (2009). Further, Boomers failed to list attorney fees as an additional issue on appeal as required. I.A.R. 35(b)(5); *see also Independence Lead Mines v. Hecla Mining Co.,* 143 Idaho 22, 29, 137 P.3d 409, 416 (2006). Thus, no fees are awarded to Boomers.

### VI. Conclusion

The grant of summary judgment is affirmed because the Joneses have failed to provide sufficient evidence to establish Boomers owed a duty to Mr. Jones or created a public nuisance. The trial court's denial of discretionary costs to Boomers is affirmed. Costs are awarded to Boomers on appeal, but no attorney fees are awarded.

Justices BURDICK, J. JONES and HORTON concur.

Chief Justice EISMANN, concurring in the result.

Mr. Jones was battered and injured on a public street by an unknown person who inferentially had recently left Boomer's. It had no duty to prevent its former patrons, whether or not it knew they had a propensity for violence, from leaving its premises or from committing crimes or torts after they

have left its premises. Otherwise, must a business conduct a citizen's arrest on its patron simply because it knew the patron had a propensity for violence? What would it do with the patron after such arrest? How long must it hold the patron on its business premises to make sure that he or she did not leave and later act in conformity with such propensity?