# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 46930

SKY DUNCAN,                 )

                        )

      Plaintiff-Appellant,        )      Boise, May 2020 Term

v.                            )

                        )      Opinion Filed: August 17, 2020

                        )

SCOTT LONG,             )      Melanie Gagnepain, Clerk

      Defendant-Respondent.   )

and                     )

                        )

ANNA McCOWIN, and       )

DOES I-X,                )

                        )

      Defendants.          )

_____)

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Stevan H. Thompson, District Judge.

The district court's grant of summary judgment in favor of Long is <u>affirmed</u>. Costs on appeal are <u>awarded</u> to Long as the prevailing party.

B. Whiting Law, PLLC, Idaho Falls, and Racine Olson, PLLP, Pocatello, attorneys for Plaintiff-Appellant. Brent Whiting argued.

Cooper & Larsen, Pocatello, attorney for Defendant-Respondent. J. Osborn argued.

_____

BEVAN, Justice

## I. NATURE OF THE CASE

This is a premises liability case based on the alleged negligence of a landlord and tenant, leading to the death of a young child. Appellant Sky Duncan's daughter, K.R., attended a daycare Anna McCowin[1] ran out of a residence she leased from Respondent Scott Long. On October 18, 2014, McCowin left K.R. unattended in the backyard, which allowed K.R. to allegedly escape through a broken gate to a nearby canal where she drowned. Duncan sued McCowin and Long for

---

[1] McCowin has not appeared in the case.

1

negligence. Long moved for summary judgment, arguing that he did not owe Duncan or her daughter a duty to repair the broken gate. The district court granted Long's motion for summary judgment after declining to extend premises liability to an injury that occurred on property adjacent to Long's property. Duncan filed a motion for reconsideration, which the district court denied. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Long is the owner of the subject property, which is located in Iona, Idaho. The property consists of a single-family residence and a large backyard. In 2004, Long hired a fencing contractor to construct a six-foot-tall white vinyl privacy fence around the backyard. The fence included four gates. An irrigation canal runs alongside and crosses a portion of Long's property. In 2010, Long leased the property to McCowin. There was no written lease agreement and the parties never discussed who was responsible for maintenance of the fence. That said, Long testified that he would fix things around the house and yard when they were brought to his attention. Long admitted he performed maintenance work on the fence and gates on several occasions.

In roughly 2011, McCowin began operating a daycare business out of the home. The parties dispute whether Long was aware McCowin was operating a daycare on the property. McCowin claimed that although she never asked Long if she could operate a daycare, he must have known based on the presence of toys and children when he would come repair things on the property. Long testified that when he went to the property to make repairs, he saw children but he assumed they were McCowin's, who had three children of her own.

During the winter of 2012–2013, a hinge on one of the gates in the fence broke. Long repaired the gate in the spring of 2013. During the following winter both hinges of the same gate broke, causing it to fall to the ground. It is disputed whether Long knew the gate had broken a second time. McCowin testified that she told Long the gate fell and that he promised he would fix it once the snow melted. Long denied having any knowledge that the gate had broken a second time. In the spring, McCowin picked the gate up off the ground and placed it on its side to block the opening in the fence. McCowin tried to secure the gate in that position with a bungee cord.

Duncan began taking her two daughters to McCowin's daycare in September 2014. On October 18, 2014, Duncan dropped K.R. (19-months-old) and her sister (four-years-old) off at the house around 6:45 a.m. Earlier that morning, another mother had dropped her two young boys off at McCowin's home. After McCowin fed the children breakfast she let them play in the backyard.

2

McCowin stayed inside to discipline her six-year-old daughter. K.R. somehow left the backyard while the children were unsupervised. When McCowin went outside she saw one of the young boys ducking back into the backyard through the broken gate and realized K.R. was missing. K.R. was later found by a neighbor submerged in the canal 150 to 200 feet north of Long's property on the opposite side of the neighbor's bridge. McCowin testified that because the water in the canal flowed north to south K.R. "[w]ithout a doubt" would have had to get into the water on the north side of the bridge. Based on where K.R. was found, McCowin believed K.R. got out of the backyard through the broken gate.

In October 2016, Duncan filed suit against McCowin and Long, alleging their negligence caused the death of K.R. Long filed a motion for summary judgment asserting he did not owe a duty to Duncan or K.R. because as the landlord he did not have unfettered access to the property. Duncan opposed Long's motion for summary judgment. After a hearing, the district court granted Long's motion for summary judgment. The district court held there was not enough information in the record to create a genuine issue of material fact that Long had a duty to repair the gate or that he repaired the gate negligently. Since Long did not "create the hazard himself," the court held it was the tenant, McCowin who was responsible as if she were the owner as far as third parties like Duncan are concerned. The court also recognized that even if Long did have an express or implied duty to repair the gate, the gate is not what caused K.R.'s death; the canal, which is not located on Long's property, did. Ultimately, the district court declined to extend liability to a landlord for an injury that occurred on adjacent property that the landlord did not own, occupy, or control.

Duncan filed a motion for reconsideration, which the district court denied before Duncan filed her brief in support. The court held that even if the canal did cut through Long's property, it did not change the court's analysis and final decision because the canal itself was not Long's property. After Duncan filed the memorandum in support of her motion for reconsideration, the district court issued a second decision denying Duncan's motion for reconsideration, holding its original decision was not erroneous. The district court entered a Rule 54(b) judgment dismissing Long from the case with prejudice. Duncan filed a timely notice of appeal.

### III. ISSUES ON APPEAL

1.      Did the district court err in holding Long did not owe K.R a duty of care to properly repair and maintain the fence gates around the backyard of property?

**2.** Did the district court err by holding Long did not assume a duty to repair the broken gate?

**3.** Did the district court err by holding Long's failure to properly repair and maintain the fence gate was not a proximate cause of the K.R.'s death?

## IV. STANDARD OF REVIEW

### A. Summary Judgment

"The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "A material issue of fact, for summary judgment purposes, is one that is relevant to an element of the claim or defense and whose existence might affect the outcome of the case." *Rife v. Long*, 127 Idaho 841, 849, 908 P.2d 143, 151 (1995) (internal citation omitted). "All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Ciccarello v. Davies*, 166 Idaho 153, 159, 456 P.3d 519, 525 (2019) (quoting *English v. Taylor*, 160 Idaho 737, 740, 378 P.3d 1036, 1039 (2016)). If reasonable people could reach different conclusions or draw conflicting inferences from the evidence the motion must be denied. *Vincent v. Safeco Ins. Co. of Am.*, 136 Idaho 107, 109, 29 P.3d 943, 945 (2001) (citing *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991)). However, if the evidence reveals no disputed issues of material fact, the trial court should grant the motion for summary judgment. *Id.* (citing *Farm Credit Bank v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994)).

### B. Motion to Reconsider

"[W]hen reviewing a trial court's decision to grant or deny a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration." *Wickel v. Chamberlain*, 159 Idaho 532, 536, 363 P.3d 854, 858 (2015) (quoting *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012)). Thus, "when reviewing the grant or denial of a motion for reconsideration following the grant of summary judgment, this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment." *Id.*

## V. ANALYSIS

**A.** **The district court correctly held that Long did not owe K.R. a duty of care to protect against an injury that occurred on adjacent property.**

Duncan argues the district court erred in granting Long's motion for summary judgment because it improperly held that Long did not owe K.R. a duty of care to keep the fence and gates

4

surrounding the backyard in good repair when a dangerous canal crossed Long's property outside the fence. Duncan contends that whether Long's failure to properly repair and maintain the fence was a proximate cause of K.R.'s death was a question of fact for the jury.

The elements of a negligence cause of action consist of "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *Forbush v. Sagecrest Multi Family Prop. Owners' Ass'n, Inc*., 162 Idaho 317, 322, 396 P.3d 1199, 1204 (2017) (quoting *Grabicki v. City of Lewiston*, 154 Idaho 686, 691, 302 P.3d 26, 31 (2013)). "No liability exists under the law of torts unless the person from whom relief is sought owed a duty to the allegedly injured party." *Jones v. Starnes*, 150 Idaho 257, 260, 245 P.3d 1009, 1012 (2011) (quoting *Vickers v. Hanover Constr. Co., Inc*., 125 Idaho 832, 835, 875 P.2d 929, 932 (1994)). Whether a duty existed is generally a question of law over which this Court has free review. *Id*.

A landowner's duty to a person *entering his or her land* depends on the status of that individual. *Heath v. Honker's Mini-Mart, Inc*., 134 Idaho 711, 713, 8 P.3d 1254, 1256 (Ct. App. 2000) (emphasis added). "[T]he general rule of premises liability is that one having control of the premises may be liable for failure to keep the premises in repair." *Forbush*, 162 Idaho at 323, 396 P.3d at 1205 (quotation omitted). Thus, in Idaho, premises liability actions have been limited to those involving owners or occupiers of land and their agents. *E.g.*, *Rountree v. Boise Baseball, LLC*, 154 Idaho 167, 171, 296 P.3d 373, 377 (2013) ("The duty owed by *owners and possessors of land* depends on the status of the person injured *on the land*. . . .") (emphasis added). In *Jones*, this Court held the landowner did not owe a duty under premises liability when an attack occurred on a public sidewalk or street, and not on landowner's property. 150 Idaho at 261, 245 P.3d at 1013. Similarly, in *McDevitt v. Sportsman's Warehouse, Inc*., 151 Idaho 280, 255 P.3d 1166 (2011), this Court affirmed summary judgment for a tenant because the sidewalk on which a plaintiff was injured was outside the leased premises. This Court reasoned that the tenant owed no duty of care to keep the sidewalk, which was not part of the leased premises, reasonably safe. *Id*. at 284–86, 255 P.3d at 1170–72. In *Heath*, the court of appeals declined to extend premises liability to a commercial landowner who had no right to control or enter adjacent property, holding that the landowner owed no duty of care to a trespasser on that adjacent property. 134 Idaho at 714–15, 8 P.3d at 1257–58.

Likewise, we hold that Long had no duty to protect against an injury that occurred on adjacent property that Long did not own, occupy, or control. K.R.'s body was found in the canal, 150–200 feet upstream, away from Long's property. Although a portion of the canal crosses Long's property, Duncan provided no evidence to show K.R. entered the canal on Long's property or suffered any injury on Long's property; rather, McCowin testified that a neighbor found K.R. on the opposite side of a bridge north of Long's property. Because the canal flowed north to south, McCowin testified K.R. would have had to enter the canal on the north side of the neighbor's bridge. Thus, even if K.R. had escaped the backyard through the broken gate, Duncan failed to show that Long owned or controlled the land where K.R. was harmed. As a result, the district court properly held premises liability did not apply. Long did not owe K.R. a duty to prevent an injury occurring on adjacent property. We affirm the district court's grant of Long's motion for summary judgment. Because Long did not owe K.R. a duty, we do not reach the other issues raised on appeal.

## VI. CONCLUSION

We affirm the district court's grant of summary judgment in favor of Long. We award Long costs on appeal as the prevailing party.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.

6